IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-00328-CMA-STV

MANUEL JOSEPH MCGEE,

    Plaintiff,

v.

PACHECO, *Correctional Officer*,
PAM, *Medical Nurse*; and
JOHN DOE, *Correctional Officer*,

    Defendants.

---

**ORDER ADOPTING RECOMMENDATION BY UNITED STATES MAGISTRATE JUDGE SCOTT T. VARHOLAK**

---

This matter is before the Court on the March 31, 2020 Recommendation by United States Magistrate Judge Scott T. Varholak, wherein he recommends that this Court Deny Plaintiff Manuel Joseph McGee's ("Plaintiff") Motion for a Request for an Order for Protective Custody (the "Motion") (Doc. # 25). (Doc. # 27.) On April 9, 2020, Plaintiff filed an Objection to the Recommendation. (Doc. # 34.) The Recommendation is incorporated herein by reference. Upon review of the Objection, record, and relevant law, the Court adopts the Magistrate Judge's Recommendation.

**I.**    **BACKGROUND**

In the instant action, Plaintiff filed his Amended Complaint on March 12, 2020 (Doc. # 17) and asserted Eighth Amendment claims against San Carlos Correctional

Facility ("SCCF") employees Gabriel Pacheco, Pamela Jones, and Correctional Officer "John Doe" (the "SCCF Defendants") for alleged conduct that occurred at SCCF while Plaintiff was incarcerated there. At the time that Plaintiff filed his lawsuit, he was no longer detained at SCCF, but instead, was located at the Colorado State Penitentiary ("CSP") in Canon City, Colorado. (Doc. # 1 at 2.)

On March 30, 2020, Plaintiff filed the instant Motion in which he requests that he be placed in "protective custody[.]" (Doc. # 25 at 1.) Plaintiff asserts that five separate prison gangs are targeting him based on his past altercations with, and prior testimony against, certain gang members. (*Id.* at 2–3.) Because Plaintiff anticipates that CSP may move him from a management control unit into a close custody transition unit, he alleges that he will have more interaction with other inmates. (*Id.* at 2–4.) Thus, for fear that a possible attack may occur when he is moved, he seeks this Court to enter an order requiring the CSP to place him in "protective custody permanently or for the remainder" of his pending lawsuit. (Doc. # 25 at 4.)

On March 31, 2020, Magistrate Judge Varholak issued a Recommendation, wherein he recommends that this Court deny the instant Motion. (Doc. # 27 at 7–8.) The Magistrate Judge construed the instant Motion as one for prospective injunctive relief for which this Court would order CSP to place Plaintiff in protective custody. (*Id.* at 7.) Because Plaintiff failed to name CSP or any of its employees as a defendant in the instant action, Magistrate Judge Varholak determined that Plaintiff lacked standing to bring a claim for this type of injunctive relief against the SFFC Defendants. (*Id.*) Additionally, the Magistrate Judge concluded that Plaintiff did not meet the burden

necessary to obtain injunctive relief against the Bureau of Prisons ("BOP"), CSP, or CSP employees, who are all non-parties to the instant action. (*Id.* at 8.)

On April 9, 2020, Plaintiff timely objected to the Recommendation (Doc. # 34) and argues merely that Magistrate Judge Varholak "misinterpreted" Plaintiff's "Motion for a Request for an Order for Protective Custody (Doc. # 25) and his previous Motion for an Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order (Doc. # 19). Plaintiff contends that the Magistrate Judge mixed up these two motions and, because the two motions are not the same as they both include "different requested reliefs," "the interest of justice require review of these motions." (Doc. # 34 at 2.) The SFFC Defendants have not responded to Plaintiff's Objection.

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), when a magistrate judge issues an order on a matter that is not "dispositive of a party's claim or defense," the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

## III.   ANALYSIS

As a preliminary matter, the Court determines that Magistrate Judge Varholak's Recommendation addresses a non-dispositive matter, and as such, the clearly erroneous standard applies. *See In re Motor Fuel Temperature Sales Practices Litig.*, 261 F.R.D. 577, 579 (D. Kan. 2009) ("A matter is dispositive if the ruling effectively removes a defense or claim from the case.") Ruling on the instant Motion has no effect on any of Plaintiff's claims as set forth in his Amended Complaint (Doc. # 17). Indeed,

Plaintiff asserts a "Cruel and Unusual Punishment" claim against SFFC Defendants based on actions and omissions pertinent to medical care and how Plaintiff was treated at SFFC. (Doc. # 17 at 9–22.) In contrast, the instant Motion concerns injunctive relief that would require CSP to place Plaintiff in protective custody. (Doc. # 25 at 4.) As such, Magistrate Judge Varholak's Recommendation that the instant Motion be denied is not "dispositive" of any of Plaintiff's claims. *See* Fed. R. Civ. P. 72(a). Therefore, the Court applies the clearly erroneous standard in reviewing the Recommendation.

After reviewing the Recommendation, in addition to applicable portions of the record and relevant legal authority, the Court is satisfied that the Recommendation is sound and not clearly erroneous or contrary to law. First, Plaintiff's Objection has no basis in fact. Although Plaintiff contends that the Magistrate Judge confused the instant Motion (Doc. # 25) for his previous Motion for Injunctive Relief (Doc. # 19), the record belies that contention. To be sure, Magistrate Judge Varholak has already denied Plaintiff's Motion for an Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order. *See* (Doc. # 22). After reviewing the Recommendation and both of Plaintiff's Motions (Doc. ## 19, 25), it is clear that the Magistrate Judge did not mix up these two motions because his Recommendation addresses unmistakably the facts and arguments contained in the instant Motion (Doc. # 25). Thus, Plaintiff fails show that the Recommendation is erroneous.

Furthermore, the Court agrees with Magistrate Judge Varholak that Plaintiff has failed to satisfy the burden necessary to obtain injunctive relief against non-parties. (Doc. # 27 at 8.) Under Tenth Circuit authority, a party may only obtain an injunction

against a non-party to a civil action when the party advances "considerations satisfying the traditional injunction factors" and establishes that "appropriate circumstances" show that such a non-party is "'in a position to frustrate [or facilitate] the implementation of a court order or the proper administration of justice.'" *Andrews v. Andrews*, 160 F. App'x 798, 800 (10th Cir. 2005) (holding that plaintiff was not entitled to injunction against state entities and employees who were not parties to a civil rights action arising out of alleged violations of plaintiff's child custody rights where plaintiff failed to advance considerations that satisfied traditional injunction factors and that showed appropriate circumstances were present) (quoting *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) (holding that All Writs Act empowers district courts to enjoin persons "who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice")). As the Magistrate Judge observed, because Plaintiff fails to address any of these considerations in his Motion, he has not met the burden necessary to obtain an injunction against non-parties BOP, CSP, or CSP employees. (Doc. # 27 at 8–9.) To the extent that Plaintiff seeks injunctive relief against these non-parties, because this Court does not have jurisdiction[1] over the non-parties in this civil action, the appropriate course of action would be for Plaintiff to file a separate action against these non-parties. Accordingly, the Recommendation is neither clearly erroneous nor contrary to law.

---

[1] Although Magistrate Judge Varholak also determined that Plaintiff lacked standing to assert a claim for injunctive relief against non-parties, the Court views this issue as one of jurisdiction as opposed to Article III standing.

## IV.     CONCLUSION

For the foregoing reasons, the Court ORDERS that Plaintiff Manuel Joseph McGee's Objection to Magistrate Judge Scott T. Varholak's Recommendation (Doc. # 34) is OVERRULED. It is

FURTHER ORDERED that Magistrate Judge Scott T. Varholak's Recommendation (Doc. # 27) is ADOPTED as an Order of this Court. It is

FURTHER ORDERED that Plaintiff's Motion for a Request for an Order for Protective Custody (Doc # 25) is DENIED WITHOUT PREJUDICE.

DATED:  April 14, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge